In the Matter of the Estate of AMBROSE WISNIEWSKI, Deceased.

Surrogate's Court, Erie County, March 19, 1937.

*Victor B. Wylegala*, for the administratrix.

*Gregory U. Harmon, Corporation Counsel [Gerald J. Shields* of counsel], for the city of Buffalo.

HART, S. This is a claim by the city of Buffalo for a refund of moneys advanced to the deceased through a World War Veterans' Relief Bureau of said city in the amount of $205.03, by virtue of section 129 of the Public Welfare Law.

Two industrial policies were issued on the life of the deceased by the Prudential Insurance Company. Because of the intervention by the city of Buffalo the Prudential Insurance Company did not pay the proceeds of the policies under the facility of payment clause, but to the administrator of the insured's estate.

The testimony discloses that an agreement was made at the time the policy was issued, in the presence of the insured, the agent for the Prudential Insurance Company, the insurer, and Pelagia Bromberek, to the effect that the proceeds of the policy were to be paid to the last named party, she, however, to pay therefrom the expenses of burial of the decedent insured.

These policies, therefore, were not the property of the decedent and not subject to section 129 of the Public Welfare Law. (See *Shea* v. *United States Industrial Ins. Co.*, 23 App. Div. 53; *Matter of O' Neil*, 143 Misc. 69; *Tarawaski* v. *Prudential Insurance Co.*, 113 id. 248.)

Claim of the city of Buffalo is, therefore, dismissed. The proceeds of the policies, minus the amount of the expense of the burial of the decedent, is the property of Pelagia Bromberek.

Let a decree enter accordingly.